UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PEACOCK MEDICAL LAB, LLC, a
Florida limited liability company;
PBL MEDICAL LAB, LLC, a Florida
limited liability company; and
LAKE DRIVE MEDICAL LAB, LLC,
Florida limited liability company,

        Plaintiffs,

v.

UNITED HEALTH GROUP, INC., a
foreign corporation; UNITED HEALTH
CARE SERVICES, INC., a foreign
corporation; OPTUMINSIGHT, INC., a
foreign corporation; and OPTUMHEALTH,
INC., a foreign corporation,

        Defendants.
_____/

## COMPLAINT

Plaintiffs, Peacock Medical Lab, LLC, PBL Medical Lab, LLC, and Lake Drive Medical Lab, LLC (collectively the "Plaintiffs" or the "Laboratories") by and through their undersigned counsel, bring this action against defendants United Health Care Services, Inc., United Health Group, Inc. OptumInsight, Inc., and OptumHealth Inc., (collectively the "Defendants" or "United"), and in support thereof state as follows:

### INTRODUCTION

1.    This action seeks recovery of covered benefits from the Defendants relating to urinalysis testing. Defendants have failed to pay over $2,000,000.00 in properly submitted and covered claims without any basis for their denial.

BROAD AND CASSEL
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4826-2137-0143.1
49677/0003

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 2

2. Plaintiffs bring this action, in part, against Defendants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiffs also bring this action under Florida law to the extent some of the services provided relating to the 112 patients at issue, are not subject to ERISA. Despite requests, the Defendants have failed to provide the policies of insurance, plan documents and/or certificates of coverage so this determination can be made. Notwithstanding, the basic claims are identical for recovery of payments due for services rendered.

3. The Laboratories are health care providers or facilities who have rendered medical substance abuse treatment services to Optum's and United's insureds and who have submitted claims via the issuance of benefits under the terms and conditions of the United Insureds' health care plans ("United Plans").

4. Many of the United Plans at issue are provided through private employers. As a result, they are governed by ERISA, which establishes strict rules and procedures with which United or other entities that administer ERISA plans must comply. Among other things, ERISA sets forth specific steps that must be followed when an insurer such as United makes an "adverse benefit determination" by denying or reducing benefits, including by providing (or not providing) a "full and fair review" of the decision. This requirement is designed to establish an administrative record relating to any decision denying or reducing benefits so that it can be effectively challenged in court, with the court having a valid basis for reviewing the decision. As detailed herein, United has violated ERISA by its failure to timely process claims, and making adverse benefit determinations without complying with ERISA's requirements.

5. In addition, United, through its wholly owned subsidiary and agent Optum, also engaged in improper actions, including denials of benefits, by application of flawed, manipulated

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 3

and undisclosed policies designed to discourage and limit the provision of health care services, as described herein. In so doing, United has similarly violated ERISA.

6.  To the extent that any United Plans are not provided through private employers or otherwise governed by ERISA, these plans are subject to the provisions of Florida law. Defendants' actions to delay payment are a violation of Florida Statues and common law as provided in more detail below.

## JURISDICTION AND VENUE AND PARTIES

7.  Defendants' actions in administering employer-sponsored health care plans, including determining reimbursements for Providers who supply health care services to United Insureds pursuant to the terms and conditions of the health care plans, are governed by ERISA, 29 U.S.C. § 1001, *et seq.* Plaintiffs assert subject matter jurisdiction under 28 U.S.C. § 1331(federal question jurisdiction), 29 U.S.C. § 1132(e) (ERISA).

8.  This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over Plaintiffs' state law claims for Breach of Contract, Breach of Implied Contract, Violation of Section 627.6131, Florida Statutes, Unjust Enrichment, Third Party Beneficiary/Breach of Contract, Quantum Meruit, and Promissory Estoppel.

9.  Venue is appropriate in this District for Plaintiffs' claims under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because Plaintiffs operates here, in Palm Beach County and material portions of the improper conduct of Defendants either occurred here or were directed to the Plaintiffs in Palm Beach County and Defendants are authorized to do business here, either directly or through wholly owned and controlled subsidiaries.

10.  Plaintiff, Peacock Medical, LLC is a Florida limited liability company located at 1091 SW Bayshore Boulevard, Port St. Lucie, Florida 34983.

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 4

11. Plaintiff, PBL Medical, LLC is a Florida limited liability company located at 2010-A Ponce De Leon Avenue, West Palm Beach, Florida 33407.

12. Plaintiff, Lake Drive Medical LLC is a Florida limited liability company located at 2626 Lake Drive, Singer Island, Florida 33404.

13. The Laboratories corporate headquarters are located at 5220 Hood Road, Suite 101, Palm Beach Gardens, Florida 33418. The Laboratories are health care providers that provide laboratory services to various substance abuse patients, many of whom are United Insureds. As an out-of-network health care provider, the Laboratories have never signed an agreement with Defendants to accept discounted rates in exchange for Defendants referral of United Insureds. Rather, the Laboratories provide services to patients who choose to come to them, and then, pursuant to assignments that are signed by their patients, bill and receive benefit payments directly from United on behalf of the United Insured patients. Pursuant to this assignment agreement, Plaintiffs have standing under ERISA.

14. Defendant UnitedHealth Group, headquartered at 9900 Bren Road East Minnetonka, Minnesota 55343, is a corporation organized and existing under and pursuant to the laws of Minnesota which issues and administers health care plans around the country through its various wholly owned and controlled subsidiaries, including Defendant United HealthCare Services, Inc., as well as other wholly-owned and controlled subsidiaries. Each subsidiary is an agent acting on behalf of UnitedHealth Group.

15. Defendant, OptumHealth is one of UnitedHealth Group's wholly-owned and controlled subsidiaries, headquartered at 6300 Olson Memorial Highway, Golden Valley, Minnesota 55427. OptumHealth is an agent acting on behalf at the direction of UnitedHealth Group.

16. Defendant, OptumInsight, Inc. is one of UnitedHealth Group's wholly-owned and controlled subsidiaries, headquartered at 11000 Optum Circle, Eden Prairie, Minnesota 55344. OptumInsight is an agent acting on behalf at the direction of UnitedHealth Group.

### GENERAL ALLEGATIONS

17. United (including Optum acting in its own name) has improperly denied coverage for services provided by Plaintiffs, in violation of ERISA, and, as to certain Claims not subject to ERISA, state law. Moreover, United and Optum have imposed various policies in violation of ERISA and state law designed to reduce or deny coverage for health care services, as detailed herein.

18. Due to the manner in which Defendants function with respect to their United Plans, they are all functional ERISA fiduciaries and, as such, must comply with fiduciary standards. Moreover, in making coverage determinations relating to their United Insureds, Defendants must comply with the terms and conditions of the applicable health care plans, certificates of coverage, and/or applicable insurance policies, and otherwise must comply with ERISA and its underlying regulations.

19. Since October of 2013, the Laboratories provided urinalysis testing in connection with substance abuse treatment medical services to patients insured by United and timely submitted all such claims, as directed, for payment to Optum and United. The Laboratories submitted all claims for payment in compliance with ERISA, and Section 627.6131, Florida Statutes as well as the United Plans.

20. United has delayed and failed to process the Laboratories' claims in accordance with ERISA, and Section 627.6131, Florida Statutes. Such failures include:

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 6

    a.    Failure to pay, deny, or provide the Laboratories with notice that any claims were contested within 20 days of Optum and United's receipt of the claims as required by Section 627.6131(4)(e), Florida Statutes.

    b.    Failure of Optum and United to pay or deny claims within 90 days of Optum and United's receipt of the claims as required by Section 627.6131(4)(e), Florida Statutes.

    c.    Failure of Optum and United to pay or deny claims within 120 days of Optum's and United's receipt of the claims; thus creating an uncontestable obligation to pay those claims pursuant to Section 627.6131(4)(e), Florida Statutes.

21. The total value of the claims submitted to Optum and United that have not been paid is in excess of $2,000,000.00 (the "Claims"). The Laboratories are not in possession of the contracts of insurance and/or certificates of coverage between United, Optum and the insureds who have received the Laboratories' medical services, despite requests for the same submitted to Optum and United. The Laboratories' claims with supporting documentation were submitted to United and Optum multiple times and are in their respective possession. Such Claims and supporting documents are not attached to this Complaint because they contain confidential patient information the disclosure of which is prohibited by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and are also voluminous.

22. With respect to all Claims, all of the United and Optum insureds executed and delivered to the Laboratories a Patient Assignment of Benefits and Financial Agreement form. All such executed Patient Assignment of Benefits forms have been submitted to Optum and United and are in their respective possession. Copies of the executed forms are not attached to this Complaint due to the prohibitions of HIPAA.

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 7

23.    The Laboratories provided medical services to United's and Optum's insureds. At all times, the Laboratories were a non-contracted, non-participating provider and were entitled to receive reimbursement from United and/or Optum for the services rendered.

24.    Prior to providing medical services to Optum's and United's participants, the Laboratories verified the existence of coverage. The Laboratories provided medical services to the insureds in reliance upon Defendants' verification of benefits and authorizations. The Laboratories would not have provided such services had they known there was no insurance coverage or that Defendants would not pay the Claims.

25.    United failed to pay the Claims and failed to timely give the Laboratories notice of denial or need for further information or documentation. Although untimely, for those claims that United and Optum ultimately requested additional information, the Laboratories timely provided such information and documentation, multiple times, but Defendants still failed to pay any of the Claims. After repeatedly providing all information required or requested, Defendants continued to attempt to develop additional unsupported reasons and rationales to further delay or to deny payment, all without basis.

26.    All conditions precedent to this action have occurred, have been performed or have been waived.

27.    The Laboratories have retained the firm of Broad and Cassel to represent them in this action and has agreed to pay a reasonable fee for services rendered herein.

## ERISA VIOLATIONS

28.    Due to the role Defendants played in administering the United Plans that provided the health care benefits to the patients whose claims were subsequently denied payment, including making coverage and benefit decisions and deciding appeals, it acted as a fiduciary

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 8

under ERISA. Under ERISA, United cannot deny coverage for such services unless the applicable health care plans or policies expressly include an exclusion specifying that such services are not covered benefits.

29. Under ERISA, Defendants are required, among other things, to comply with the terms and conditions of their health care plans; to accord its United Insureds or their providers an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements; and to make appropriate and non-misleading disclosures to United Insureds or their providers. Such disclosures include accurately setting forth plan terms, explaining the specific reasons why a claim is denied and the internal rules and evidence that underlie such determinations, disclosing the basis for its interpretation of plan terms, and providing appropriate data and documentation concerning their coverage decisions.

30. In offering and administering their health care plans, Defendants further assume the role of "Plan Administrator," as that term is defined under ERISA, in that United and Optum interpret and apply the plan terms, make all coverage decisions, and provide for payment to members and/or their providers. As the acting Plan Administrators, Defendants also assumed various obligations specified under ERISA. These obligations include providing their members with a Summary Plan Description ("SPD"), a document designed to describe in layperson's language the material terms, conditions and limitations of the health care plans. The full details of the plans, which are summarized in the SPDs, are contained in the Evidence of Coverage ("EOC") that governs each member's health care plan.

31. Defendants are also obligated under ERISA to make their coverage determinations in a manner consistent with the disclosures contained in the SPD. To the extent there is a disparity or conflict between the SPD and the EOC, the SPD governs, so long as the

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 9

member benefits from the application of the SPD. If the employer, rather than United, is deemed to be the Plan Administrator, Defendants remain responsible for ensuring that the SPD complies with the law under their duties as co-fiduciaries as provided in ERISA, 29 U.S.C. § 1105, even if the employer prepares or disseminates the SPD.

32. Defendants violated ERISA and breached their fiduciary duties by failing to disclose the reimbursement rules used to reduce members' benefits, by making benefit claim denials without proper disclosure or following required procedures, by seeking to impose new policies after-the-fact, by improperly excluding benefits, and by failing to fulfill their obligations of good faith, due care and loyalty.

33. Under ERISA:

> The term "adverse benefit determination" means any of the following: a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate.

*See.* 29 CFR 2560.503-1(m)(4).

34. As the definition contained in 29 CFR 2560.503-1(m)(4) makes clear, Defendants' policies and procedures as applied to the Laboratories resulted in "adverse benefit determinations" under ERISA. The withholding of payment by United and Optum was based on United's and Optum's determinations that the services at issue were not "covered," and the withholding of authorized benefits constitutes a "reduction" in benefits or "a failure to provide or

make payments (in whole or in part) for a benefit," thereby satisfying the requirement for an adverse benefit determination under ERISA.

35. ERISA further establishes what steps must be followed once an "adverse benefit determination" is reached, including the following:

> [T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. . . . The notification shall set forth, in a manner calculated to be understood by the claimant – (i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

*See* 29 CFR 2560.503-1(g).

36. In addition, ERISA requires that each claimant be given "a reasonable opportunity to appeal an adverse benefit determination" and to receive a "full and fair review of the claim," all within clear and explicit timing requirements. *See* 29 CFR 2560.503-1(h)(1).

37. Defendants failed and continue to fail to comply with the requirements of ERISA. After making benefit determinations for prior claims, pursuant to which United and Optum found that the exact same health care services at issue were Covered Benefits under their health care plans and paid benefits to the Laboratories, Defendants subsequently withheld payment, for the Claims, without explanation to the Laboratories.

38. Defendants failed to inform United Insureds or the provider Laboratories of their actions, including by failing to provide necessary disclosures or documentation required under ERISA either to the members or the providers. Instead, Defendants provided conflicting,

constantly changing information regarding the non-payment of the Claims and conducted multiple un-ending "investigations," for which Defendants never provided a "conclusion" or "resolution." Each time the Laboratories would address an investigation request and provide affirmative documentation to support payment, Defendants would concoct yet another basis for their "investigation" regarding an entirely different issue and reason for non-payment. The end result of Defendants' constant witch-hunt was a moving target with constantly changing rules and policies for the claims determination process in violation of ERISA's disclosure requirements.

39. Because of Defendants' failure to comply with the steps required under ERISA to pursue adverse benefit determinations, the coverage determinations are arbitrary and capricious, and are otherwise inconsistent with the plan documents, the certificates of coverage, SPDs; SOCs, and policies of insurance to the extent some of the plans are not governed by ERISA.

## COUNT I
## CLAIM FOR BENEFITS UNDER ERISA

40. The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

41. United must pay benefits to United Insureds, or to their providers pursuant to assignments, that are insured, funded or administered by United pursuant to the terms of their United Plans.

42. United, via Optum, violated its legal obligations under ERISA and, each time United denied benefits through the practices detailed herein without complying with ERISA's requirements readdressing adverse benefit determinations, within the framework of a disclosed notification and appeals process.

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 12

43. Defendants' lack of disclosure to the United Insureds and Providers relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

44. Due to Defendants' failure to comply with ERISA in making the above-detailed adverse benefit determinations, they are estopped from making such findings, and precluded from denying coverage.

45. The Laboratories seek unpaid benefits including interest back to the date the claims were originally submitted to United. Plaintiffs also sue for declaratory and injunctive relief related to enforcement of plan terms, and to clarify their rights to future benefits. Plaintiffs further request attorneys' fees, costs, prejudgment interest and other appropriate relief against Defendants.

**WHEREFORE,** the Laboratories requests that this Court enter judgment in their favor and against Defendants and declare that Defendants have breached the terms of their EOCs and SPDs, the Plan Documents and Certificates of Coverage, and award unpaid benefits to the Plaintiffs; order Defendants to recalculate and issue unpaid benefits to Plaintiffs that were unpaid or underpaid as a result of United's actions (via Optum), as detailed herein, with interest; award Plaintiffs' disbursements and expenses of this action, including reasonable counsel fees as provided for in ERISA, 29 U.S.C. § 1132(g), in amounts to be determined by the Court; and grant such other and further relief as is just and proper.

## COUNT II
## FAILURE TO PROVIDE FULL AND FAIR REVIEW UNDER ERISA

46. The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

BROAD AND CASSEL
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

47. Defendant, United functioned and continues to function as the "plan administrator" within the meaning of such term under ERISA, both directly and through its control over Optum. As United's agent, Optum (including both OptumHealth and OptumInsight) also served as a "plan administrator" under ERISA. Plaintiffs were entitled to receive a "full and fair review" of all claims denied by Defendants, and entitled to assert a claim under 29 U.S.C. § 1132(a)(3) for failure to comply with these requirements.

48. Although Defendants were obligated to do so, they failed to provide a "full and fair review" of denied claims pursuant to 29 U.S.C. § 1133 (and the regulations promulgated thereunder) for Plaintiffs by making claims denials that are inconsistent with or unauthorized by the terms of Members' EOCs and SPDs, certificates of coverage and other plan documents, as well as by failing to disclose their methodology and other critical information relating to such claims denials.

49. By engaging in the conduct described herein, including using improper, invalid and undisclosed policies relating to the specified health care services, withholding payments for properly submitted claims, and for affecting other systematic benefit reductions or non-payments without disclosure or authority under the plans and plan documents, Defendants failed to comply with ERISA and its regulations.

50. As a result, Defendants failed to provide a "full and fair review," failed to provide reasonable claims procedures, and failed to make necessary disclosures to their Insureds and the Laboratories.

51. Appeals by the Plaintiffs' Providers should be deemed exhausted or excused by virtue, *inter alia*, of United's (via Optum's) numerous procedural and substantive violations.

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 14

52. The failed appeals of the Plaintiffs show the futility of exhausting any further appeals to United (if any further appeals are deemed required). Exhaustion of internal appeals under ERISA should, therefore, be deemed to be futile or to have already occurred to exhaustion, should Defendants take a position to the contrary.

53. Plaintiffs have been harmed by Defendants' failure to provide a "full and fair review" of appeals under 29 U.S.C. § 1133, and by their failure to disclose relevant information in violation of ERISA. Plaintiffs are also entitled to injunctive and declaratory relief to remedy Defendants' continuing violation of these provisions.

**WHEREFORE,** the Plaintiffs Laboratories requests that this Court enter judgment in their favor and against Defendants and declare that Defendants failed to provide a "full and fair review" to the Plaintiffs under 29 U.S.C. § 1133, and award injunctive, declaratory and other equitable relief to ensure compliance with ERISA and its regulations; declare that Defendants violated their disclosure and related obligations under ERISA, for which Plaintiffs are entitled to injunctive, declaratory and other equitable relief; award Plaintiffs disbursements and expenses of this action, including reasonable counsel fees, in amounts to be determined by the Court; and grant such other and further relief as is just and proper.

<u>**COUNT III**</u>
<u>**BREACH OF CONTRACT, VIOLATIONS OF**</u>
<u>**SECTION 627.6131, FLORIDA STATUTES**</u>

54. The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

55. The Laboratories are not direct parties to the contracts between United and Optum and their insureds. However, the Laboratories have standing as a result of the United Insureds' assignment of benefits detailed above. In the alternative, the Laboratories as providers of

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 15

medical services to the insureds are third party beneficiaries of the contracts between the United Insureds and Defendants and thus have standing to bring an action for breach of contract against the Defendants under Florida laws.

56. To the extent that any of the United Plans are not subject to ERISA, the contracts between the United Insureds and the Defendants are subject to Florida statutory regulation, which regulation becomes a part of the contracts. Thus, the provisions of Section 627.6131, Florida Statutes are part of and incorporated into the contracts between the United Insureds and the Defendants, in the situations where the Claims are not governed by ERISA.

57. Optum and United have breached their contracts with the United Insureds for failing to promptly, pay, deny or contest the Claims submitted by the Laboratories in violation of Section 627.6131, Florida Statutes.

58. The Laboratories are entitled to payment for the Claims submitted in accordance with Section 627.6131, Florida Statutes.

59. The Laboratories have been damaged by the Defendants' breach of contract described above.

60. The Laboratories are entitled to recover attorneys' fees pursuant to Section 627.428, Florida Statutes or alternatively pursuant to the provisions of the contracts between the United Insureds (to whom the Laboratories have provided services) and United and/or Optum.

**WHEREFORE,** the Plaintiffs Laboratories requests that this Court enter judgment in their favor and against Defendants for damages, pre and post judgment interest, statutory interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

## COUNT IV
## UNJUST ENRICHMENT

61.  The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

62.  To the extent certain Claims are not governed by ERISA, Plaintiffs provided services to United Insureds, pursuant to policies of insurance applicable to the Claims, under which the Plaintiffs Laboratories conferred benefits upon Defendants to which they are not entitled. United and Optum understood and intended that the Laboratories were conferring such benefits knowing all along that they had no intention of paying for the benefits conferred.

63.  The Defendants knowing acceptance of the benefits without payment to the Laboratories is inequitable and results in unjust enrichment to United and Optum.

64.  As a result of this unjust enrichment, the Laboratories have been damaged.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against Defendants for damages, pre and post judgment interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

## COUNT V
## BREACH OF IMPLIED CONTRACT

65.  The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

66.  As applied to certain Claims not governed by ERISA, the Laboratories and the Defendants did not enter into a written contract. However, the Laboratories' provision of services to Defendants' Insureds in reliance upon the Defendants' payment for the services rendered, the Defendants' previous payment for such services and the Defendants' verification of

Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.
CASE No.:
Complaint
Page 17

insurance benefits and authorization create an implied contract between the Laboratories and the Defendants.

67. The Defendants breached the implied contract by failing to pay for the covered services.

68. As a result of the breach, the Laboratories have been damaged.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in its favor and against Defendants for damages, pre and post judgment interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

## COUNT VI
## THIRD PARTY BENEFICIARY

69. The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

70. As applied to certain Claims not governed by ERISA, United and/or Optum had written contracts with their insureds to pay for covered services by participating providers and non-participating, non-contracted providers.

71. The Laboratories, as non-participating, non-contracted providers, provided services to United's and/or Optum's insureds, all of which were covered expenses. As a result thereof, the Laboratories are third party beneficiaries to those written contracts and entitled to payment for the services rendered.

72. As a result of their non-payment of the Claims, Defendants have breached their contract with the Insureds, and therefore, with the Laboratories.

73. As a result of the breach, the Laboratories have been damaged.

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 18

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants for damages, pre and post judgment interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

## COUNT VII
## QUANTUM MERUIT

74. The allegations contained in this Complaint are realleged and incorporated by reference as if fully set forth herein.

75. As applied to Claims not governed by ERISA, United and/or Optum, pursuant to their agreements with insureds, had an obligation to pay providers, including the Laboratories for services provided to the United Insureds.

76. The Laboratories provided services to Defendants' insureds for which payment has not been received by the Laboratories.

77. The Laboratories have been damaged by Defendants' failure to pay and they are entitled to receive payment under the theory of quantum meruit.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants for damages, pre and post judgment interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

## COUNT VII
## PROMISSORY ESTOPPEL

78. The allegations contained in Paragraphs 1 through 39 above are realleged and incorporated by reference as if fully set forth herein.

79. To the extent certain Claims are not subject to ERISA, the Laboratories relied upon United's and Optum's representations that their insureds' health insurance claims were

*Peacock Medical Lab, LLC, et al. v. United Health Group, Inc., et al.*
CASE No.:
Complaint
Page 19

covered and that the Claims had been authorized and/or approved for payment and would be fully paid in the absence of a provider contract between the Laboratories and the Defendants.

80.  In direct reliance upon such representations, the Laboratories rendered medical services to Defendants' Insureds with the understanding that United and/or Optum would pay in full for such services.

81.  Because of the representations made by Defendants, they are now estopped under the doctrine of promissory estoppel from denying full and complete payment for medical services rendered to their insureds for the Claims at issue.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in its favor and against Defendants for damages, pre and post judgment interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

DATED:   October 15, 2014               Respectfully submitted,

**BROAD AND CASSEL**
*Counsel for Plaintiffs*
1 North Clematis Street, Ste. 500
West Palm Beach, FL 33401
Telephone 561-832-3300
Facsimile 561-655-1109
By: _____
**MARK R. OSHEROW**, FBN: 997013
mosherow@broadandcassel.com
**NICHOLE GEARY**, FBN: 91098
ngeary@broadandcassel.com