THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 14- 81271-CIV-HURLEY/HOPKINS

PEACOCK MEDICAL LAB, LLC, PBL
MEDICAL LAB, LLC; and LAKE DRIVE
MEDICAL LAB, LLC,

       Plaintiffs,

       v.

UNITEDHEALTH GROUP, INC; UNITED
HEALTHCARE SERVICES, INC;
OPTUMINSIGHT, INC; and OPTUMHEALTH,
INC,

       Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants UnitedHealth Group, Inc., and United Healthcare Services, Inc. (UnitedHealth Group, Inc., United Healthcare Services, Inc. are referred to as "United"), as well as OptumInsight, Inc., and OptumHealth, Inc. (collectively, "Defendants"), hereby move to dismiss Plaintiff Peacock Medical Lab, LLC, PBL Medical Lab, LLC, and Lake Drive Medical Lab, LLC's (collectively "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6).  In support of their Motion, Defendants state as follows:

## I.      INTRODUCTION

Plaintiffs have filed a sweeping 8-count Complaint, generally alleging that they provided services to 112 patients and that Defendants not only breached the patients' insurance contracts by not paying Plaintiffs' charges, but also improperly processed all of their submissions.  Yet, beyond their bare allegation that their charges have not been paid, Plaintiffs have included no specific facts to substantiate their claims, utterly failing to provide Defendants with any notice regarding the specific facts underlying their broad array of legal claims.  For example, Plaintiffs provide no information regarding the identity of the patients they purportedly treated.  Nor do Plaintiffs provide any information regarding the specific charges that are supposedly at issue in this case, including which of the three laboratories provided any specific service.  In fact, not only have Plaintiffs failed to identify the dates of service for the insurance claims they contend were wrongfully denied, but they have not even identified how many insurance claims are at issue in this case.  Moreover, Plaintiffs' allegations lump all of the defendants together without explaining what role, if any, each defendant played with regard to administering any of the claims supposedly at issue.  In other words, Plaintiffs provide the Court (and Defendants) with no basis that would justify naming any of the defendants as parties to this action.

Even under Rule 8's liberal pleading requirements, Plaintiffs' threadbare, conclusory allegations fall woefully short of meeting their burden.  Plaintiffs have not adequately pleaded any of their numerous causes of action, and the Complaint should be dismissed in its entirety.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are three laboratories and on October 15, 2014, they filed an 8-count complaint, generally alleging that they timely submitted charges for laboratory testing they provided but that Defendants had not paid these charges.  The Complaint includes two claims under ERISA, namely a claim for benefits under 29 U.S.C. 1132(a)(1), as well as a claim for breach of

fiduciary duty under 29 U.S.C. 1132(a)(3) based on Defendants' alleged failure to provide a "full and fair" review of Plaintiff's charges.  (ECF 1 at ¶¶ 40-53.)  Plaintiffs have also brought six state law claims:  (1) a breach of contract claim based on violations of Fla. Stat. 627.6131; (2) a claim for unjust enrichment; (3) a claim for breach of implied contract; (4) a claim as a third party beneficiary; (5) a claim for *quantum meruit*; and (6) a claim for promissory estoppel.  (*Id*. at ¶¶ 54-81.)

Plaintiffs allege that they provide urinalysis testing related to substance abuse treatment and that they did so for 112 United insureds.  (Dkt. 1 at ¶¶ 2, 13.)  Plaintiffs further allege that they timely submitted charges for the tests provided to the 112 patients, but that Defendants have not paid these charges in contravention of the terms of the applicable insurance plans.  Plaintiffs also allege that United improperly processed their charges and failed to provide a "full and fair review" of their submissions.  In particular, Plaintiffs allege that Defendants failed to pay or deny their charges in a timely manner.  (*Id*. at ¶ 20.)  And, to the extent that any patients were covered by an ERISA plan, Plaintiffs generally allege that when Defendants made adverse benefits decisions, they failed to provide an explanation to Plaintiffs and also failed "to provide necessary disclosures or documentation required under ERISA either to the members or the providers."  (*Id*. at ¶ 37.)  According to Plaintiffs, "Defendants provided conflicting information regarding the non-payment of claims and conducted multiple un-ending 'investigations,' for which Defendants never provided a 'conclusion' or 'resolution.'"  (*Id*. at ¶ 38.)

The Complaint does not identify any of these patients.  Nor do Plaintiffs provide any information that would enable Defendants to identify either the patients or the services that Plaintiffs allegedly provided.  Indeed, apart from mentioning that these services were performed sometime after October 2013 (*Id*. at ¶ 19), Plaintiffs have not provided any information regarding the patients or treatment at issue.  For example, Plaintiffs have not indicated the patients' plan ID numbers, how many procedures each patient received, the dates of service, the specific conditions being treated, or the group ID number assigned to applicable plans.  And, although Plaintiffs contend that each patient executed a "Patient Assignment of Benefits and Financial Agreement form," none of these forms (or even a sample) are attached to the Complaint and Plaintiffs provide no description regarding the scope of the assignment.

The Complaint also does not identify the specific terms of any insurance plan that Defendants have allegedly violated.  Nor do they allege that the services are covered by the

3

relevant insurance plans (or are even medically necessary).  Rather, they admit that they have never reviewed the insurance plans or related documentation. (*Id*. at ¶ 21.)  Similarly, although they have brought claims under ERISA and contend that the Court's jurisdiction is predicated on these ERISA claims, Plaintiffs do not allege that any of the 112 patients were covered by an ERISA plan at all.  Again, they admit that prior to filing their Complaint, Plaintiffs did not determine which patients, if any, were beneficiaries under an ERISA plan. (*Id*. at ¶ 2.)

And, while the Complaint generally alleges that Plaintiffs' charges were not properly processed, Plaintiffs provide no specific information regarding how any particular submission was handled.  For example, although they allege that Defendants responded to their submissions by seeking additional documentation and that Plaintiffs timely provided the additional documentation (*Id*. at ¶ 38), Plaintiffs do not attempt to describe (1) which additional documentation was sought; or (2) which additional documentation was provided by Plaintiffs.

### III.  ANALYSIS

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff must include sufficient factual details that amount to "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, while a court must accept well-pleaded allegations as true, this rule "is inapplicable to legal conclusions." *Id*. at 678.  Rather, the plaintiff must "provide sufficient factual allegations to put defendants and the court on notice of the specific factual basis for each claim." *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, 2011 WL 2134534, at *3 (S.D. Fla. May 27, 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Here, Plaintiffs' threadbare, conclusory allegations fall woefully short of even the liberal pleading standard under Rule 8.  Indeed, for their ERISA breach of fiduciary duty claim, Plaintiffs' vague allegations are not even sufficient confer to standing.  Accordingly, the Complaint should be dismissed in its entirety.

4

A.    **ERISA Claims**

1.    Plaintiffs Fail To State A Claim For Benefits Under ERISA.

Plaintiffs allege that they timely submitted charges for services to 112 patients and that Defendants denied these charges. (Dkt. 1 at ¶¶ 2-3, 42.) Importantly, Plaintiffs admit that not only do they not know if any of these 112 patients were covered by an ERISA plan, but that they have never seen any of the insurance plans covering the 112 patients. (*Id.* at ¶ 2.) Nor do Plaintiffs allege that their services were covered under any of the underlying insurance plans. Nonetheless, Plaintiffs contend that to the extent their charges were denied, this amounts to an adverse benefits decision under ERISA entitling them to bring an ERISA benefits claim.

In other words, the sole allegation underlying Plaintiffs' ERISA benefits claim is that they provided services to 112 unnamed patients and that their charges have not been paid. This threadbare allegation is not sufficient to state a claim for benefits under ERISA. "[B]enefits payable under an ERISA plan are limited to the benefits specified in the plan." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (citing *Clair v. Harris Trust & Sav. Bank,* 190 F.3d 495 (7th Cir. 1999)). Thus, "[a] plaintiff who brings a claim for benefits under ERISA must identify a *specific plan term* that confers the benefit in question." *Id.* at *3. (emphasis added) (internal citation omitted). Although it may not be necessary to quote full provisions of the plans at issue, "to state a plausible ERISA claim, the complaint must 'provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan.'" *Id.* (quoting *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012)).

This Court's recent decision in *Sanctuary Surgical Center* illustrates this core principle. In *Sanctuary Surgical Center*, several ambulatory surgical center brought ERISA claims challenging the denial of benefits for 996 claims and on behalf of approximately 500 patients. *Sanctuary Surgical Center*, 2013 WL 149356 at *1. The surgical centers cited specific language from six summary plan descriptions and two certificates of coverage, which they claimed encompassed the procedures at issue. *Id.* at *3. They did not, however, indicate which of the 996 claims corresponded to these summary plan descriptions and certificates of coverage. *Id.* at *5. Nor did they attach the plan documents or cite relevant "portions of the 'exclusionary' sections from the referenced exemplar plans." *Id.* Instead, the surgical centers generally alleged

5

that the denial of their charges violated the plans wherein United agreed to pay for medically necessary procedures. *Id*.

This Court concluded that such allegations fell far short of stating a claim for benefits under ERISA. In particular, the Court concluded that the allegations did not establish that the procedures at issue were covered benefits under either the exemplar plans or the remaining plans. *Id*. at *6. Rather, "[w]ithout a precise description of the relevant coverage and exclusionary language" or allegations showing that the procedures were covered services, "plaintiffs fails to state plausible ERISA benefits claims upon which relief can be granted." *Id*.; *see also Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 5868249 (N.D. Tex. Nov. 20, 2012) ("Because, to recover, plaintiffs must show that defendants acted arbitrarily and capriciously under the terms of the plan, it is necessary to state a plausible claim for relief that they at least identify the precise plan provisions on which they rely"); *In re Managed Care Litig.*, 2009 WL 742678 (S.D. Fla. Mar. 20, 2009) (granting motion to dismiss § 1132(a)(1)(B) claim where complaint did not identify relevant plan terms).

Here, Plaintiffs' minimal allegations fall far short of the plan descriptions that this Court found to be insufficient in *Sanctuary Surgical Center*. While the plaintiffs in *Sanctuary Surgical Center* described some plan terms from exemplar plans, Plaintiffs do not even attempt to identify which plan term Defendants purportedly violated. This dooms their ERISA benefits claim because, as in *Sanctuary Surgical Center,* Plaintiffs have provided the Court (and Defendants) with no basis to conclude that any of the services they provided were covered services under any insurance plan, much less an ERISA plan.

Moreover, Plaintiffs cannot cure this fundamental pleading deficiency by alleging that Defendants' failed or refused to provide them with plan documents. Although ERISA requires plan administrators to provide plan documents "upon written request of any participant or beneficiary," 29 U.S.C. § 1024(b)(4), a third party like Plaintiffs cannot enforce these provisions in the absence of an assignment of such right from the beneficiary. *Sanctuary Surgical Center*, 2013 WL 149356 at *6; *Barix Clinics of Ohio v. Longaberger Family of Companies Grp. Med. Plan*, 459 F. Supp. 2d 617 (S.D. Ohio 2005) (explaining that"[a] plan administrator is under no obligation to disclose plan documents to third parties without written authorization from a participant or beneficiary"). Here, Plaintiffs do not allege that any of their patients assigned their rights to obtain plan documents to Plaintiffs. Thus, even assuming that a violation of 29 U.S.C. §

6

1024(b)(4) could excuse an ERISA plaintiff's failure to allege specific plan terms, Plaintiffs have not even adequately alleged this necessary predicate and cannot rely on 29 U.S.C. § 1024(b)(4) to save their ERISA claim.

Accordingly, Plaintiffs' ERISA claim for benefits should be dismissed.

### 2. Plaintiffs' Claim For ERISA Benefits Fails As A Matter Of Law Because They Have Failed To Exhaust Their Administrative Remedies

Plaintiffs contend that "[e]xhuastion of internal appeals under ERISA should, therefore, be deemed to be futile or having already occurred to exhaustion," because, according to Plaintiffs, appeals for unnamed patients have not been successful. "It is well-established that plaintiffs must normally exhaust available administrative remedies under their ERISA-governed plans before they bring suit in federal court." *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003) (citing *Springer v. Wal-Mart Assocs.' Grp. Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990)). Importantly, courts "strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims," subject to three narrow exceptions: "resort to administrative remedies would be futile or the remedy inadequate . . .or where a claimant is denied "meaningful access" to the administrative review scheme in place." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315-16 (11th Cir. 2000). Moreover, conclusory allegations regarding these narrow exceptions are insufficient. *See In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003). Here, Plaintiffs provide no concrete allegations regarding their "*efforts* at obtaining administrative review." Rather, they provide only conclusory allegations that administrative review would be futile, falling far short of their burden.

### 3. Plaintiffs Lack Standing To Raise An ERISA Fiduciary Duty Claim

Plaintiffs have attempted to bring a claim for breach of fiduciary duty under ERISA, arguing that Defendants fails to provide a "full and fair" review of Plaintiffs charges. (Dkt. 1 at ¶ 48.) Apart from failing to provide the requisite factual detail to adequately plead a breach of fiduciary duty claim, Plaintiffs' breach of fiduciary duty claim is legally deficient first, and foremost, because Plaintiffs lack standing to bring claims under 29 U.S.C. 1132(a)(3). While providers may acquire derivative standing to sue under ERISA if they obtain a written assignment to payment of benefits, the scope of the assignment depends on the language of the agreement. *Sanctuary Surgical Ctr., Inc. v. Aetna, Inc.*, 2012 WL 993097, at *2 (S.D. Fla. Mar. 22, 2012) (citing *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371

7

F.3d 1291, 1294 (11th Cir. 2004); *Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kan., Inc.* 2006 WL 3469544, at *7 (D. Kan. Nov. 30, 2006)). Moreover, a mere assignments of the right to direct payment of benefits does not "confer 'beneficiary' status" on providers. *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, 2013 WL 149356, at *8 (S.D. Fla. Jan. 14, 2013). Rather, even if claims for breaches of fiduciary duty are assignable under an ERISA plan, such assignments must expressly assign the "right to bring causes of action under other provisions of ERISA which do not relate to benefits reimbursements." *Id.* See also *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona Inc,* 770 F.3d 1282, 1292 (9th Cir. 2014) (finding that Spinedex had no right to bring claims for breach of fiduciary duty because it was only assigned the right to bring claims for payment of benefits); and *MRI Scan Center, LLC v. National Imaging Associates, Inc.,* 2013 WL 1899689, at *7 (S.D.Fla. May 7, 2013)("An assignment of the right to direct payment of benefits will not assign patients'/assignors' right to bring causes of action under other ERISA provisions that are not related to the reimbursement of benefits.")

Here, Plaintiffs do not allege that any of their patients expressly assigned their rights to bring claims under 29 U.S.C. 1132(a)(3). Indeed, even assuming that Plaintiffs obtained duly executed assignments allowing them to receive direct payment from United, these assignments would only provide derivative standing for claims for benefits under 29 U.S.C. 1132(a)(1) and would not provide Plaintiffs with standing to bring any claims for breach of fiduciary duty under 29 U.S.C. 1132(a)(3). Thus, Plaintiffs lack standing to raise their ERISA breach of fiduciary duty claim and it should be dismissed with prejudice.

        4.    <u>Plaintiffs Have Failed To Allege That Any Of The Named Defendants Are Proper Defendants For Their ERISA Claims</u>

Rather than providing specific allegations describing any of the defendants' purported role in reviewing Plaintiffs' charges or administering an ERISA plan, Plaintiffs' allegations impermissibly lump all of the Defendants. Plaintiffs' failure to delineate between Defendants is fundamentally improper because it fails to provide any of the Defendants with "notice of the purported conduct they are alleged to have committed." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Plaintiffs' haphazard pleading is particularly problematic in the context of their ERISA claims because these claims can only be brought against a narrow category of defendants.

First, Plaintiffs have failed to allege that Defendants are proper defendants to an ERISA benefits claim. "The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). Thus, not every entity involved with the administration of an ERISA plan is a proper defendant. *Id*. (concluding that John Hancock Mutual Life Insurance Company was not a proper defendant to ERISA benefits claim because it only serviced the ERISA plan). By contrast, Plaintiffs generically allege that defendant UnitedHealth Group "administers health care plans around the country through its various wholly owned and control subsidiaries." (Dkt. 1 at ¶ 14.) And, because Defendants play a role in offering and administering health care plans, Plaintiffs assume that they take on "the role of 'Plan Administrator,' as the term is defined under ERISA." *(Id*. at ¶ 30.) Plaintiffs assumption that any entity that plays a role in administering an ERISA plan then becomes a "Plan Administrator" is specifically rejected by ERISA, which defines the administrator as:

> **(i)** the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> **(ii)** if an administrator is not so designated, the plan sponsor; or
>
> **(iii)** in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C.A. § 1002 (16). Here, Plaintiffs do not allege that any of the defendants are plan sponsors, have been designated as plan administrators under any ERISA plan, and otherwise make any benefits decisions. In fact, Plaintiffs concede that they have never reviewed any of the insurance plans at issue, and thus have no knowledge of whether any of the Defendants have been designated as a plan administrator (or make benefits decisions). Nor do Plaintiffs provide any information regarding the patients at issue, which effectively prevents all of the Defendants from investigating whether they have any role in the administration of these patients' insurance plans. Thus, their allegations fail to provide the Court (or United) with any basis for concluding that any of the Defendants are properly named as defendants to the ERISA benefits claim.

Moreover, even assuming that these conclusory allegations demonstrate that United Health Group is an ERISA plan administrator, these allegations do not indicate how any of the other Defendants "exercise any discretion, responsibility or control over the administration" of

any ERISA plan, falling far short of showing that any of the Defendants are proper parties to an ERISA benefits claim. *Garren*, 114 F.3d at 187. Indeed, under Plaintiffs' theory, every agent or subsidiary of an ERISA plan administrator would become a proper defendant to an ERISA. Unsurprisingly, Plaintiffs provide no basis for this expansive position, which the Court should reject.

Second, Plaintiffs have failed to allege that any of the named Defendants are proper defendants to an ERISA claim based on a breach of fiduciary duty. "To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a), a plaintiff must first show that the defendant is in fact a fiduciary with respect to the plan." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). And ERISA defines a person as a fiduciary with respect to an ERISA plan "to the extent

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
>
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>
> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

*Cotton*, 402 F.3d at 1277 (11th Cir. 2005) (quoting 29 U.S.C. § 1002(21)(A)). Here, Plaintiffs' sole basis for naming Defendants in the ERISA breach of fiduciary claim is that "[d]ue to the manner in which Defendants function with respect to the their United Plans, they are all functional ERISA fiduciaries." (Dkt. 1 at ¶ 18.) But this conclusory allegation is wholly insufficient to show that any of the named Defendants exercise discretionary authority or control over administering the plan and thus fails to allege that any of the Defendants are proper defendants in a breach of fiduciary duty claim. Consequently, Plaintiffs' allegations fail to state an ERISA breach of fiduciary duty claim.

### B. State Law Claims

#### 1. Plaintiffs Fail To State A Claim For Breach Of Contract Based On Violations Of Fla. Stat. § 627.6131

In support of their breach of contract claim, Plaintiffs contend that to the extent any of the 112 unnamed patients are covered by non-ERISA plans, these non-ERISA plans are governed by

Florida's statutory prompt-pay provisions (Fla. Stat. § 627.6131) and therefore this provision is incorporated in the insurance plans by operation of law. (Dkt. 1 at ¶ 56.) Plaintiffs' sole allegation in support of this claim is that Defendants "breached their contract with United insureds for failing to promptly pay, deny or contest the Claims submitted by [Plaintiffs] in violation of Section 627.6131, Florida Statutes." (Dkt. 1 at ¶ 57.)

Here, Plaintiffs' minimal allegations do not provide Defendants with adequate notice of the grounds of this claim, namely how the insurance contracts were breached. Plaintiffs' allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, 2010 WL 1372442, at *1 (S.D. Fla. Mar. 31, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). In contrast, Plaintiffs' allegations provide Defendants effectively no notice of the grounds of Plaintiffs' claim. For example, Plaintiffs have provided no information that would enable Defendants to identify the patients or charges at issue, leaving Defendants unable to even evaluate whether any of the 112 patients are actually United insureds. Similarly, Plaintiffs' vague allegation that Defendants failed to " promptly pay, deny, or contest" Plaintiffs' charges is totally devoid of factual content, leaving Defendants unable to ascertain: (1) which, *if any,* charges were paid, but were not paid in a timely manner; (2) which, *if any,* charges were denied, but not denied in a timely manner; and (3) which, *if any,* charges were not promptly contested. In other words, Plaintiffs' breach of contract claim amounts to nothing more than "bald assertions regarding the breach of contract," that is insufficient to satisfy even the liberal pleading requirements under Rule 8 and should be dismissed. *Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252, at *8 (M.D. Fla. June 6, 2012).[1]

---

[1] Although Plaintiffs also bring a count titled "third-party beneficiary" seeking damages for Defendants' purported breach of the insurance contracts, this count does not actually advance a separate legal theory but is duplicative of the breach of contract claim. In fact, although the third-party beneficiary count is listed separately, it does not indicate how Defendants breached the insurance contracts at all. Rather, it appears to function as a separate basis for standing to bring the breach of contract claim. In any event, Plaintiffs' allegations are insufficient to provide them with standing as third-party beneficiaries. Rather, the Florida Supreme Court has held that nonparticipating providers, like Plaintiffs, cannot proceed as third-party beneficiaries unless the insurance contract "evinces a 'clear or manifest intent' to 'primarily and directly benefit' the provider." *Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 197 (Fla. 2006). Plaintiffs' sole allegation in support of their claim that they are third-party beneficiaries is that they provided services to "United's and/or Optum's insureds." (Dkt. 1 at ¶ 71.) In other words,

Furthermore, Plaintiffs allegations also fail to state a breach of contract claim against United HealthCare Services, OptumHealth and OptumInsight, because they have not alleged these entities are parties to any insurance contracts. Under Florida law, non-parties to a contract generally "can neither sue nor be sued for breach of a contract to which they were not parties." *See Solnes v. Wallis & Wallis, P.A.*, 2013 WL 3771341, at *4 (S.D. Fla. July 18, 2013). Here, Plaintiffs allege that UnitedHealth Group issues health care plans, but the remaining three defendants are merely subsidiaries that act "act[] on behalf at the direction of UnitedHealth Group." (Dkt. 1 at ¶¶ 14-16.) In other words, at most, Plaintiffs have alleged that UnitedHealth Group, but not the remaining three defendants, were parties the insurance contracts purportedly at issue. And, because United HealthCare Services, OptumHealth and OptumInsight are not parties to any of the insurance plans, they are also not proper defendants to a breach of contract claim and thus it fails as against them as a matter of law.

### 2. Plaintiffs Fail To State A Claim For Unjust Enrichment.

In support of their unjust enrichment claim, Plaintiffs allege that they "provided services to United insureds, pursuant to policies of insurance applicable to the Claims." (*Id*. at ¶ 62.) According to Plaintiffs, by providing services to United insureds, they conferred a benefit upon Defendants "to which they are entitled" and "Defendants knowing acceptance of the benefits without payment to [Plaintiffs] is inequitable and results in unjust enrichment." (*Id*. at ¶ 63.)

These allegations are insufficient to state a valid unjust enrichment claim for at least two, independent reasons. As an initial matter, Plaintiffs' allegations fail to state a claim because they have only alleged that they conferred a benefit to their patients, as opposed to any benefit to any of the Defendants. "To state a claim for unjust enrichment, a plaintiff must show: (1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Williams v. Wells Fargo Bank N.A.*, 2011 WL 4368980, at *8 (S.D. Fla. Sept. 19, 2011) (internal citation omitted). "However, in order to state a claim for unjust enrichment under Florida law, a party must "allege that it had *directly* conferred a benefit on the defendants."

---

Plaintiffs do not even attempt to set forth the necessary allegations that give rise to standing as a third-party beneficiary, and their contention that they are third-party beneficiaries fails as a matter of law.

*Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) (citing *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. Dist. Ct. App. 1996)).

Critically, courts have consistently held that the provision of medical services only provides a direct benefit to patients and does not provide a benefit to insurers. *See Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co.*, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013) (dismissing unjust enrichment claim because medical provider "can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care service); *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004) (rejecting provider's unjust enrichment claim because "as a matter of commonsense, the benefits of healthcare treatment flow to patients, not insurance companies"); *see also Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012) (rejecting providers unjust enrichment claim because "Plaintiff provided services to Patients 1–50 and any benefit conferred was conferred on Patients 1–50, not United"); *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc.*, 2012 WL 1252512, at *3 (S.D. Tex. Apr. 11, 2012); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011) (rejecting argument that plaintiff "provided valuable services to United by rendering medical services to individuals for whom United has a contractual obligation to pay health benefits"); *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001) ("It is counterintuitive to say that services provided to an insured are also provided to its insurer").

Here, Plaintiffs allege that the only purported "benefit" conferred to Defendants were the services provided to United insureds. Because the provision of medical services only conferred a benefit for the patient, and not for Defendants, Plaintiffs have failed to allege that they conferred any benefit to Defendants and their unjust enrichment claim fails as a matter of law.

Plaintiffs' unjust enrichment claim fails for the additional reason that, as Plaintiffs concede, whether or not they are entitled to reimbursement is governed by contract. It is blackletter law that "[a]n unjust enrichment claim can exist only if the subject matter of that claim is not covered by a valid and enforceable contract." *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002) *amended*, 2002 WL 1359736 (S.D. Fla. Mar. 25, 2002). Here, Plaintiffs have brought contract based claims under ERISA as well as state law, arguing

13

that they are entitled to reimbursement pursuant to their patient's insurance plans.  *In re Managed Care Litig.*, 185 F. Supp. 2d at 1337 (dismissing unjust enrichment claims because plaintiffs in class action had brought contract claims regarding the same subject matter).  Thus, their unjust enrichment claim fails as a matter of law.

        3.    <u>Plaintiffs' *Quantum Meruit* And Breach of Implied Contract Claims Fail As A Matter of Law</u>

Although Plaintiffs bring separate causes of action for breach of implied contract and *quantum meruit*, Florida law does not treat these as separate causes of action.  *See Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009) ("Florida courts do hold that '[q]uantum meruit relief is founded upon the legal fiction of an implied contract.'"); *see also* 11 Fla. Jur 2d Contracts § 280.  To state a claim for *quantum meruit*/implied contract, a plaintiff must allege that "the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So. 2d 297, 305 (Fla. Dist. Ct. App. 1999).

Like their unjust enrichment claim, Plaintiffs' *quantum meruit*/implied contract claims fail as a matter of law because they have not (and cannot) allege that they conferred any benefit upon Defendants.  Rather, as detailed above, Plaintiffs' provision of medical services only provides a direct benefit to their patients and does not provide a benefit to insurers like Defendants.  *See Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co.*, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013) (dismissing *quantum meruit* claim because medical provider "can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care services"); *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004) (rejecting provider's unjust enrichment claim because "as a matter of commonsense, the benefits of healthcare treatment flow to patients, not insurance companies"); *see also Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012); *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc.*, 2012 WL 1252512, at *3 (S.D. Tex. Apr. 11, 2012); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011); *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001).

Plaintiffs' *quantum meruit*/implied contract claims fail for the additional reason that "in the ordinary course of events," providers do not assume that their charges will be paid merely because they were provided to persons who are insured. Indeed, nothing in Plaintiffs' vague allegations " suggests that the parties had the sort of contractual understanding that is the *sine qua non* of a *quantum meruit* cause of action." *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, at *4 (M.D. Fla. Mar. 8, 2004) (concluding that vague allegations that defendant insurer "authorized" certain treatment are insufficient to state a claim for *quantum meruit*).

Finally, like the unjust enrichment claim, Plaintiffs' *quantum meruit*/implied contract claims are foreclosed because the subject matter is governed by the patients' insurance contracts. *Cross v. Strader Const. Corp.*, 768 So. 2d 465, 466 (Fla. Dist. Ct. App. 2000) ("Quantum meruit damages cannot be awarded when an enforceable contract exists"). In this case, Plaintiffs have brought contract based claims under ERISA as well as state law, arguing that they are entitled to reimbursement pursuant to their patients' insurance plans. Thus, their *quantum meruit*/implied contract claims fail as a matter of law

4. <u>Plaintiffs' Promissory Estoppel Claim Fails As A Matter of Law</u>

In support of their promissory estoppel claim, Plaintiffs allege that they "verified the existence of coverage" for each of the 112 patients at issue with Defendants, and then rendered medical services in reliance on Defendants' representations regarding coverage. According to Plaintiffs, it follows that Defendants are "now estopped under the doctrine of promissory estoppel from denying full and complete payment for medical services rendered to their insureds for the claims at issue." (*Id*. at ¶ 81.)

These vague, conclusory allegations are insufficient to state a claim. Under Florida law, "[e]stoppel is an extraordinary remedy." *Solar Time Ltd. v. XL Specialty Ins. Co.*, 2004 WL 1683149, at *6 (S.D. Fla. June 15, 2004) *aff'd,* 142 F. App'x 430 (11th Cir. 2005). Thus, to state a claim for promissory estoppel a plaintiff must allege "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcing the promise." *Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) *aff'd sub nom. Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174 (11th Cir. 2002). Importantly, "there can be no promissory estoppel unless the

15

terms of the promise are definite in relation to the remedy sought." *Fried v. Stiefel Labs., Inc.*, 2012 WL 4364300, at *10 (S.D. Fla. June 8, 2012) (citing *Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174, 1185 (11th Cir. 2002)).  But, in the context of claims premised on verification of coverage, an insurers confirmation of coverage is merely a representation that the insured was "covered for the *type* of treatment" proposed by the medical provider.  *Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) *aff'd sub nom. Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174 (11th Cir. 2002).

Here, Plaintiffs' conclusory allegations fall far short of the definite promise required to raise a claim of promissory estoppel.  As an initial matter, Plaintiffs provide scant details regarding Defendants' purported confirmation of coverage *i.e.*, when Plaintiffs supposedly confirmed coverage, whether they confirmed coverage for each patient and each service provided, and, importantly, what the confirmation of coverage entailed.  Nor do Plaintiffs indicate how they obtained any purported verifications.

Moreover, even assuming that they verified coverage for each of the 112 patients and for each of the services at issue, Plaintiffs' bare-bone allegations indicate that, at most, Defendants verified that a particular patient's insurance plan provided coverage for a type of treatment *i.e.*, urinalysis.  In contrast, Plaintiffs have not alleged that Defendants guaranteed payment regardless of any plan language or exclusions.  For example, Plaintiffs do not allege that Defendants promised to pay for medically unnecessary urinalysis testing or testing that was done by an unlicensed provider.  Thus, at most, Defendants would be estopped from denying coverage on the basis that urinalysis was a covered treatment under the insurance plans.  But Plaintiffs have not alleged that United has taken the position that urinalysis is not covered.  Accordingly, Plaintiffs have failed to allege any breach of Defendants' promise and their allegations fail to state a claim for promissory estoppel.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint.

s/Shari Gerson<br>
Shari Gerson, FBN 017035<br>
Email: shari.gerson@gray-robinson.com<br>
Daniel Alter, FBN 0033510

Email: dan.alter@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard
Suite 1000
Ft. Lauderdale, Florida 33301
Telephone: (954) 761-811
Facsimile: (954) 761-8112

*Attorney for Defendants*

17

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 1, 2014, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF filing system.

                                                    By: /s/ Daniel Alter
                                                              Attorney for Defendants