THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 14- 81271-CIV-HURLEY/HOPKINS

PEACOCK MEDICAL LAB, LLC, PBL
MEDICAL LAB, LLC; and LAKE DRIVE
MEDICAL LAB, LLC,

        Plaintiffs,

v.

UNITEDHEALTH GROUP, INC; UNITED
HEALTHCARE SERVICES, INC;
OPTUMINSIGHT, INC; and OPTUMHEALTH,
INC,

        Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants UnitedHealth Group, Inc., and United Healthcare Services, Inc. (referred to as "United"), as well as OptumInsight, Inc., and OptumHealth, Inc. (collectively, "Defendants"), hereby move to dismiss Plaintiffs Peacock Medical Lab, LLC, PBL Medical Lab, LLC, and Lake Drive Medical Lab, LLC's (collectively "Plaintiffs") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). In support of their Motion, Defendants state as follows:

**I.    INTRODUCTION**

    Despite the opportunity to amend their allegations, Plaintiffs have now filed an Amended Complaint that retains almost all of the defects already identified in Defendants' initial motion to dismiss. Like the original complaint, Plaintiffs' Amended Complaint includes numerous ERISA and state law claims, all premised on the general theory that Plaintiffs provided services to patients and that Defendants not only breached the patients' insurance contracts by not paying Plaintiffs' charges, but also improperly processed all of their claims submissions. The only

substantial difference between the Amended Complaint and the Original Complaint is that the Amended Complaint now includes (1) a chart providing information about the patients and the charges purportedly at issue and (2) language from the "Assignment of Benefits" and the "Durable Power of Attorney" forms allegedly signed by each patient whose charges are at issue.

Neither of the additions to the Amended Complaint come close to overcoming the numerous, fundamental defects identified by Defendants but still included in the Amended Complaint. To the contrary, the language from the "Assignment of Benefits" and the "Durable Power of Attorney" that Plaintiffs have now added only confirms that Plaintiffs lack standing for all of their ERISA claims and their breach of contract claim because the assignment forms expressly state that the assignments were made to non-party Ambrosia Treatment Center. In other words, rather than addressing United's contention that they lacked standing, Plaintiffs have now conceded that, to the extent that their patients assigned any rights stemming from their insurance policies or benefit plans, these rights were not assigned to any of the plaintiffs in this litigation.

Like the language from the assignment forms, the newly added chart describing the charges at issue falls far short of saving the Amended Complaint. Rather, like the original Complaint, the Amended Complaint still fails to allege the essential elements for the causes of action Plaintiffs have asserted. For example, Plaintiffs still fail to adequately allege that any of their services were covered by an ERISA plan, which is a necessary element of their ERISA benefits claims. Similarly, Plaintiffs have failed to allege that they provided any benefit to Defendants, which is a necessary element of their breach of implied contract claim.

In short, Plaintiffs lack standing to bring the majority of their claims, and fail to state a claim for all their causes of action. Accordingly, the Amended Complaint should be dismissed.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are three laboratories and on February 5, 2015, they filed a seven-count Amended Complaint (Dkt. 26), generally alleging that they timely submitted charges for laboratory testing they provided but that Defendants had not paid these charges. The Complaint includes four claims under ERISA, namely (1) a claim for benefits under 29 U.S.C. § 1132(a)(1) (*Id.* at ¶¶ 47-59), (2) two duplicative claims for equitable relief under 29 U.S.C. § 1132(a)(3) based on Defendants' alleged failure to provide a "full and fair" review of Plaintiffs charges (*Id.* at ¶¶ 60-78), and (3) a claim under 29 U.S.C. § 1024(b)(4) for failure to provide plan documents

2

(*Id.* at ¶¶ 79-89). Plaintiffs have also brought three state law claims: (1) a breach of contract claim based on violations of Fla. Stat. 627.6131; (2) a claim for breach of implied contract; and (3) a claim for promissory estoppel. (*Id.* at ¶¶ 54-81.)

Plaintiffs allege that they provided urinalysis testing related to substance abuse treatment and that they did so for patients insured by United. (Dkt. 26 at ¶¶ 3, 23.) According to Plaintiffs, each of these patients executed an "Assignment of Benefits" form and a "Durable Power of Attorney" form, authorizing non-party Ambrosia Treatment Center to receive "payment of authorized insurance company benefits" and to "insitut[e] and prosecut[e] and/or defend[] litigation . . . . for the ***ultimate objective of Ambrosia Treatment Center collection*** of such services." (*Id.* at ¶ 28, emphasis added .)

Plaintiffs further allege that they timely submitted charges for "medically necessary urinalysis services," but that Defendants have not paid these charges in contravention of the terms of the applicable insurance plans. (Dkt. 26 at ¶¶ 30, 32.) According to Plaintiffs, United also improperly processed their charges and failed to provide a "full and fair review" of their submissions. In particular, Plaintiffs allege that Defendants failed to pay or deny their charges in a timely manner. (*Id.* at 32.) And, to the extent that any patients were covered by an ERISA plan, Plaintiffs generally allege that when Defendants made adverse benefits decisions, they: (1) "applied inconsistent benefit determinations," (2) failed to provide an explanation to Plaintiffs, and (3) failed "to provide necessary disclosures or documentation required under ERISA either to the members or the providers." (*Id.* at ¶¶ 42-43.) According to Plaintiffs, "Defendants provided conflicting information regarding the non-payment of claims and conducted multiple un-ending 'investigations,' for which Defendants never provided a 'conclusion' or 'resolution.'" (*Id.* at ¶ 38.)

Importantly, like the Original Complaint (Dkt. 1), the Amended Complaint does not identify the specific terms of any insurance plan that Defendants have allegedly violated. Nor do Plaintiffs provide any explanation regarding their conclusory claim that the tests were medically necessary or covered under the relevant insurance plans.

## III.   ANALYSIS

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola*

3

*Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation omitted). Although a court must accept well pleaded allegations as true, this rule "is inapplicable to legal conclusions." *Id.* at 678. Rather, the plaintiff must "provide sufficient factual allegations to put defendants and the court on notice of the specific factual basis for each claim." *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, 2011 WL 2134534, at *3 (S.D. Fla. May 27, 2011).

Importantly, because ERISA does not provide standing for medical providers, where a medical provider brings ERISA claims, such claims cannot survive a motion to dismiss unless the medical provider obtained an "express and knowing" assignment from party with standing under ERISA (such as a patient). *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 851-52 (11th Cir. 2013). Similarly, under Florida law, a breach of contract claim being asserted by a non-party to a contract cannot survive a motion to dismiss unless the non-party obtained a valid assignment or is a third-party beneficiary to the contract. *See Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-CIV, 2010 WL 2277545, at *3 (S.D. Fla. June 7, 2010); *Univ. Creek Associates, II, Ltd. v. Boston Am. Fin. Grp., Inc.*, 100 F. Supp. 2d 1337, 1340 (S.D. Fla. 1998).

Here, Plaintiffs' allegations not only fall woefully short of even the liberal pleading standard under Rule 8, but confirm that each of the claims fails as a matter of law and should be dismissed with prejudice. As an initial matter, Plaintiffs' Amended Complaint makes clear that they lack standing to bring their ERISA and breach-of-contract claims, because, even according to Plaintiffs, their patients assigned these claims to non-Party Ambrosia Treatment Center and not to the Plaintiffs. Similarly, Plaintiffs' allegations make clear that their two remaining claims, implied contract and promissory estoppel, also fail as a matter of law because Plaintiffs have not, and cannot, allege the essential elements of these claims. Thus, the Amended Complaint should be dismissed in its entirety.

  A.  **ERISA Claims**

    1.  <u>Plaintiffs Lack Standing To Bring Their ERISA Claims</u>

As the Eleventh Circuit and this Court have repeatedly explained, health care providers such as Plaintiffs do not have standing to sue under ERISA because "[t]he only parties with standing to sue a plan subject to ERISA under 29 U.S.C. § 1132 are "participant[s]," "beneficiar[ies]," "fiduciar[ies]," and the Secretary of Labor." *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 851 (11th Cir. 2013) (quoting 29 U.S.C. § 1132; *Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir.1997)). Moreover, although health care providers "may obtain

4

derivative standing by securing an assignment of rights from a party with standing," such an assignment must be "express and knowing" and must specify which ERISA claims are being assigned.

Importantly, an assignment conveying "the right to receive benefits" does not convey the "right to bring causes of action under other provisions of ERISA which do not relate to benefits reimbursements." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, 2013 WL 149356, at *8 (S.D. Fla. Jan. 14, 2013). Thus, where a provider brings claims under ERISA for breach of fiduciary duty claim or a failure to provide plan documents, these claims cannot survive a motion to dismiss if the provider only obtained an assignment that conveyed rights related to collecting benefits. *Id.*; *see also MRI Scan Center, LLC v. National Imaging Associates, Inc.*, 2013 WL 1899689, at *7 (S.D. Fla. May 7, 2013).

In the Amended Counterclaim, Plaintiffs now admit that they never received an assignment of rights from any of their patients. Rather, according to Plaintiffs, all of the patients at issue in this case executed assignments to non-party Ambrosia Treatment Center. (Dkt. 26 at 28.) In other words, to the extent that these patients assigned any rights under ERISA, these rights were conveyed to non-party Ambrosia Treatment Center and not to any of the plaintiffs in this action. Having failed to obtain a valid assignment for any ERISA claim, Plaintiffs cannot assert any ERISA claims. *Aetna Inc.*, 546 F. App'x at 851.

Moreover, even if these assignments were made to Plaintiffs (as opposed to Ambrosia Treatment Center), Plaintiffs would only have standing to bring a claim for benefits and would not have standing for their remaining three ERISA claims, which are brought under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(c). In particular, as the Eleventh Circuit recently reiterated in affirming the dismissal of ERISA claims under 29 U.S.C. 1132(a)(3) and 29 U.S.C. 1132(c), an assignment to obtain benefits does not confer standing "to assert claims for breach of fiduciary duty or civil penalties." *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 852 (11th Cir. 2013) (affirming dismissal of claims under 29 U.S.C. 1132(a)(3) and 29 U.S.C. 1132(c) because medical provider lacked standing); *see also Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, 2013 WL 149356, at *8 (S.D. Fla. Jan. 14, 2013); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona Inc.*, 770 F.3d 1282, 1292 (9th Cir. 2014) (finding that Spinedex had no right to bring claims for breach of fiduciary duty because it was only assigned the right to bring claims for payment of benefits); and *MRI Scan Center, LLC v.*

5

*National Imaging Associates, Inc.*, 2013 WL 1899689, at *7 (S.D. Fla. May 7, 2013)("An assignment of the right to direct payment of benefits will not assign patients'/assignors' right to bring causes of action under other ERISA provisions that are not related to the reimbursement of benefits.")

Here, the assignments quoted in the Amended Complaint only convey the right to receive direct payment under the insurance policy and the right to bring causes of action to collect benefits under the policy. (Dkt. 26 at ¶ 28.) Like the assignments in *Aetna Inc.*, they do not convey the right to bring claims under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(c). Thus, at most, these assignments would provide standing for an ERISA benefits claim but would not provide standing for Plaintiffs' remaining ERISA claims, which are brought under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(c).

Importantly, Plaintiffs cannot cure their failure to obtain assignments by amending their pleadings. Thus, the ERISA claims should be dismissed with prejudice.

    2. <u>Plaintiffs Fail To State A Claim For Benefits Under ERISA</u>

Plaintiffs allege that they timely submitted charges for services to patients and that Defendants denied these charges. Importantly, although Plaintiffs allege that the tests were "medical necessary," Plaintiffs provide no description of the medical history of any of the patients at issue in their Amended Complaint. In other words, the sole allegation underlying Plaintiffs' ERISA benefits claim is that they provided services to patients and that their charges have not been paid.

This threadbare allegation is not sufficient to state a claim for benefits under ERISA because it fails to provide any information that would justify the inference that any of the services at issue were actually covered by an ERISA plan. In particular, "[b]enefits payable under an ERISA plan are limited to the benefits specified in the plan." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (citing *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495 (7th Cir. 1999)). Thus, "[a] plaintiff who brings a claim for benefits under ERISA must identify a *specific plan term* that confers the benefit in question." *Id.* at *3. (emphasis added) (internal citation omitted). Although it may not be necessary to quote full provisions of the plans at issue, "to state a plausible ERISA claim, the complaint must 'provide the court with enough factual information to determine whether the [services] were

6

indeed covered services under the plan.'" *Id.* (quoting *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012)).

This Court's recent decision in *Sanctuary Surgical Center* illustrates this core principle. In *Sanctuary Surgical Center*, several ambulatory surgical centers brought ERISA claims challenging the denial of benefits for 996 claims and on behalf of approximately 500 patients. *Sanctuary Surgical Center*, 2013 WL 149356 at *1. The surgical centers cited specific language from six summary plan descriptions and two certificates of coverage, which they claimed encompassed the procedures at issue. *Id.* at *3. They did not, however, indicate which of the 996 claims corresponded to these summary plan descriptions and certificates of coverage. *Id.* at *5. Nor did they attach the plan documents or cite relevant "portions of the 'exclusionary' sections from the referenced exemplar plans." *Id.* Instead, the surgical centers generally alleged that the denial of their charges violated the plans wherein United agreed to pay for medically necessary procedures. *Id.*

This Court concluded that such allegations fell far short of stating a claim for benefits under ERISA. In particular, the Court concluded that the allegations did not establish that the procedures at issue were covered benefits under either the exemplar plans or the remaining plans. *Id.* at *6. Rather, "[w]ithout a precise description of the relevant coverage and exclusionary language" or allegations showing that the procedures were covered services, "plaintiffs fail to state plausible ERISA benefits claims upon which relief can be granted." *Id.*; *see also Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 5868249 (N.D. Tex. Nov. 20, 2012) ("Because, to recover, plaintiffs must show that defendants acted arbitrarily and capriciously under the terms of the plan, it is necessary to state a plausible claim for relief that they at least identify the precise plan provisions on which they rely"); *In re Managed Care Litig.*, 2009 WL 742678 (S.D. Fla. Mar. 20, 2009) (granting a motion to dismiss § 1132(a)(1)(B) claim where complaint did not identify relevant plan terms).

Here, Plaintiffs' minimal allegations fall far short of the plan descriptions that this Court found to be insufficient in *Sanctuary Surgical Center*. While the plaintiffs in *Sanctuary Surgical Center* described some plan terms from exemplar plans, Plaintiffs do not even attempt to identify which plan term Defendants purportedly violated. This dooms their ERISA benefits claim because, as in *Sanctuary Surgical Center,* Plaintiffs have provided the Court (and Defendants)

with no basis to conclude that any of the services they provided were covered services under any insurance plan, much less an ERISA plan.

Moreover, Plaintiffs cannot cure this fundamental pleading deficiency by alleging that Defendants' failed or refused to provide them with plan documents. Although ERISA requires plan administrators to provide plan documents "upon written request of any participant or beneficiary," 29 U.S.C. § 1024(b)(4), a third party like Plaintiffs cannot enforce these provisions in the absence of an assignment of such right from the beneficiary. *Sanctuary Surgical Center*, 2013 WL 149356 at *6; *Barix Clinics of Ohio v. Longaberger Family of Companies Grp. Med. Plan*, 459 F. Supp. 2d 617 (S.D. Ohio 2005) (explaining that"[a] plan administrator is under no obligation to disclose plan documents to third parties without written authorization from a participant or beneficiary"). But, as described above, Plaintiffs now admit that they never obtained any assignments from their patients, much less assignments that would confer the right to obtain plan documents under 29 U.S.C. § 1024(b)(4). Thus, even assuming that a violation of 29 U.S.C. § 1024(b)(4) could excuse an ERISA plaintiff's failure to allege specific plan terms, Plaintiffs have not even adequately alleged this necessary predicate and cannot rely on 29 U.S.C. § 1024(b)(4) to save their ERISA claims.

Finally, even if medically necessary urinalysis tests were covered under the relevant ERISA plans, Plaintiffs' allegations would still fail to state an ERISA benefits claim. As recently explained by the Eleventh Circuit in *Aetna Inc.*, mere allegations that patients received medically necessary procedures are not sufficient to survive a motion to dismiss. 546 F. App'x at 850 (affirming dismissal of ERISA benefits claim). Rather, to state a claim under such circumstances, plaintiffs must "plead specific facts creating a plausible inference that the [medical procedures] were medically necessary, and thus covered benefits, for each patient in question." *Id*. Like the plaintiffs in *Aetna Inc.*, Plaintiffs have alleged no specific facts regarding the tests for which they seek reimbursement. "Without these specific facts the plaintiffs have not created a plausible inference that they were entitled to benefits," and thus have failed to state an ERISA benefits claim. *Id*.

Accordingly, Plaintiffs' ERISA claim for benefits should be dismissed.

### 3. Plaintiffs' Claim For ERISA Benefits Fails As A Matter Of Law Because They Have Failed To Exhaust Their Administrative Remedies

Plaintiffs contend that "[e]xhaustion of internal appeals under ERISA should, therefore, be deemed to be futile or having already occurred to exhaustion," because, according to Plaintiffs, appeals for unnamed patients have not been successful. (Dkt. 26 at ¶ 68.) "It is well-established that plaintiffs must normally exhaust available administrative remedies under their ERISA-governed plans before they bring suit in federal court." *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003) (citing *Springer v. Wal-Mart Assocs.' Grp. Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990)). Importantly, courts "strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims," subject to three narrow exceptions: "resort to administrative remedies would be futile or the remedy inadequate . . . or where a claimant is denied 'meaningful access' to the administrative review scheme in place." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315-16 (11th Cir. 2000). Moreover, conclusory allegations regarding these narrow exceptions are insufficient. *See In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003). Here, Plaintiffs provide no concrete allegations regarding their "*efforts* at obtaining administrative review" for each of the allegedly denied charges at issue. Rather, they provide only general allegations that administrative review would be futile, falling far short of their burden.

### 4. Plaintiffs' ERISA Claims Under 29 USC 1132(a)(3) Fail As A Matter Of Law

In their Amended Complaint, Plaintiffs now bring two ERISA claims under 29 U.S.C. § 1132(a)(3), which are based on the same allegations. In particular, for Count II and Count III ("Section 1132(a)(3) claims"), Plaintiffs seek relief under 29 U.S.C. § 1132(a)(3) because, according to Plaintiffs, Defendants (1) improperly denied Plaintiffs' charges; (2) failed to disclose their "methodology"; and (3) failed to disclose "other critical information relating to such claims denials." (Dkt. 26 at ¶¶ 62-63, 76.) Plaintiffs have not indicated why they have included both causes of action. And, in any event, both causes of action fail to state a claim because neither an improper denial of benefits nor a failure to produce documents can form the basis of a claim under 29 U.S.C. § 1132(a)(3).

As an initial matter, Plaintiffs' claim that Defendants improperly denied benefits cannot form the basis of a claim under Section 1132(a)(3) because that would be duplicative of a claim

9

for benefits already provided for under Section 1132(a)(1). In particular, as this Court has recently explained, 29 U.S.C. § 1132(a)(3) can only be used obtain equitable relief where ERISA does not provide relief elsewhere. *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, 2011 WL 2134534, at *6 (S.D. Fla. May 27, 2011). That is because 29 U.S.C. § 1132(a)(3) is a "'catchall' provision that 'act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy.'" *Id.* (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). Thus, when the allegations supporting a claim under Section 1132(a)(3) are also sufficient to state a cause of action under Section 1132(a), the claim under Section 1132(a)(3) is not appropriate and should be dismissed. *Id.* (citing *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004)); *Varity*, 516 U.S. at 515 ("[W]here Congress elsewhere provided adequate relief [in ERISA] for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"). Here, Plaintiffs claim that they are entitled to relief under 29 U.S.C. § 1132(a)(3) because Defendants wrongfully denied their claims, but this allegation cannot form the basis of a claim under 29 U.S.C. § 1132(a)(3) because it is duplicative of a claim for benefits. *See Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, 2011 WL 2134534, at *6 (S.D. Fla. May 27, 2011) (dismissing a claim under 29 U.S.C. § 1132(a)(3) because "it is duplicative of the claim for wrongful denial of plan benefits" under 29 U.S.C. § 1132(a)(1)).

Similarly, Plaintiffs' assertion that Defendants failed to produce documents also cannot form the basis of a claim under Section 1132(a)(3). First, like the improper denial of benefits, to the extent that Plaintiffs claim that Defendants failed to produce documents as required by ERISA, this cannot form the basis of a claim under Section 1132(a)(3) because it would be duplicative of a claim already available under 29 U.S.C. § 1132(a)(3). *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.*, 2011 WL 2134534, at *6 (S.D. Fla. May 27, 2011) (explaining that Section 1132(a)(3) cannot be used to obtain relief already provided elsewhere). Second, to the extent that Plaintiffs claim that Defendants failed to make disclosures that were not required by ERISA or any ERISA plan, this allegation also cannot form the basis of a claim under Section 1132(a)(3), which expressly states that it can be used only to obtain relief for violations of ERISA or the terms of an ERISA plan. *See* 29 U.S.C § 1132. And, by definition, a failure to

make disclosures not mandated by ERISA or the terms of an ERISA plan cannot amount to a violation of ERISA or the terms of an ERISA plan.

    5.    <u>Plaintiffs' Claim For Failure To Provide Documents Fails To The Extent That It Seeks More Than Plan Documents Specified In 29 U.S.C. §1024(b)(4)</u>

In Count IV, Plaintiffs have brought an action under 29 U.S.C. § 1132(a)(1), alleging that they submitted valid requests pursuant to 29 U.S.C. §1024(b)(4) for "plan documents and associated documents." According to Plaintiffs, they are entitled not only to these documents but also to a statutory penalty because Defendants have failed to respond to their request for documents. Plaintiffs have not specified what they mean by "plan documents and associated documents." But, to the extent that their claim is documents beyond those which are specified in 29 U.S.C. §1024(b)(4), this claim fails as a matter of law.

In particular, although Section 1132(a)(1) provides an action against a Plan Administrator who fails to make timely disclosures in response to a valid 29 U.S.C. §1024(b)(4), this cause of action is only available where the Plan Administrator failed to disclose a limited set of documents, namely "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. §1024(b)(4). In other words, only the failure to produce the documents enumerated above trigger the statutory penalty and can be the basis of a cause of action. Here, Plaintiffs' Amended Complaint does not indicate which documents it claims Defendants' failed to produce, but Exhibit D to the First Amended Complaint specifies that Plaintiffs sought not just the plan documents to which Section 502(c) entitles them but also "copies of all documents relevant to the benefit determination made in each case." To the extent that Count IV is based on Defendants' failure to produce these documents, it fails as a matter of law because Plaintiffs are not entitled to such documents under this section of ERISA and failure to provide the documents does not trigger the statutory penalty plaintiffs seek. *See Krasny v. Jefferson Pilot Financial Ins. Co.*, 2007 WL 8043009 at *2 (N.D. Ga. March 20, 2007) ("[t]o the extent claims-related documents are required to be provided, the obligation arises by federal regulation" and "does not impose a per diem fine").

11

### B. State Law Claims

#### 1. Plaintiffs' Breach Of Contract Claim Fails As A Matter of Law

Like the original Complaint, Plaintiffs' Amended Complaint includes a breach of contract claim based solely on the allegation that Defendants "breached the contracts with the United Insureds by failing to promptly pay, deny or contest the Claims submitted by [Plaintiffs] in violation of Section 627.6131, Florida Statutes." (Dkt. 26 at ¶ 93.) This claim is deficient for several reasons.

As an initial matter, Plaintiffs lack standing to bring their breach-of-contract claim. As Plaintiffs concede, they were not parties to any of the insurance contracts. (Dkt. 26 at ¶ 91.) And, as detailed above, Plaintiffs have now admitted that they never received any assignments from their patients. Rather, according to Plaintiffs, their patients only executed assignments to non-party Ambrosia Treatment Center. (Dkt. 26 at ¶ 28.) Thus, they lack standing to bring the breach-of-contract claim. *See Banco Ficohsa v. Aseguradora Hondurena, S.A.*, 937 So. 2d 161, 164 (Fla. Dist. Ct. App. 2006) (explaining that "[c]ourts have held that 'a person not a party to nor in privy with a contract does not have the right to use [sic] for its breach'").

Apart from lack of standing, Plaintiffs allegations also fail to state a breach of contract claim against United HealthCare Services, OptumHealth and OptumInsight, because they have not alleged these entities are parties to any insurance contracts. Under Florida law, non-parties to a contract generally "can neither sue nor be sued for breach of a contract to which they were not parties." *See Solnes v. Wallis & Wallis, P.A.*, 2013 WL 3771341, at *4 (S.D. Fla. July 18, 2013). Here, Plaintiffs allege that UnitedHealth Group issues health care plans, but the remaining three defendants are merely subsidiaries that "act[] on behalf of and at the direction of UnitedHealth Group." (Dkt. 26 at ¶¶ 16-19.) In other words, at most, Plaintiffs have alleged that UnitedHealth Group, but not the remaining three defendants, was a party to the insurance contracts purportedly at issue. And, because United HealthCare Services, OptumHealth and OptumInsight are not parties to any of the insurance plans, they are also not proper defendants to a breach of contract claim, and thus it fails against them as a matter of law.

#### 2. Plaintiffs' Breach of Implied Contract Claim Fails As A Matter of Law

In their Amended Complaint, Plaintiffs once again bring a claim for breach of implied contract. According to Plaintiffs, an implied contract between Plaintiffs and Defendants was

created because (1) Defendants had previously paid for these types of services and (2) Defendants verified the existence of insurance coverage and provided "authorization." (Dkt. 26 at ¶ 98.) These allegations are legally deficient for at least two reasons. First, to state a claim for breach of implied contract, a plaintiff must allege that "the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So.2d 297, 305 (Fla. Dist. Ct. App. 1999). But, as already explained in Defendants' initial motion to dismiss, Plaintiffs' provision of medical services only provides a direct benefit to their patients and does not provide a benefit to insurers like Defendants. *See Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co.*, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013) (dismissing *quantum meruit* claim because medical provider "can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care services"); *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004) (rejecting provider's unjust enrichment claim because "as a matter of common sense, the benefits of healthcare treatment flow to patients, not insurance companies"); *see also Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012); *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc.*, 2012 WL 1252512, at *3 (S.D. Tex. Apr. 11, 2012); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011); *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001).

Plaintiffs' implied contract claims fail for the additional reason that "in the ordinary course of events," providers do not assume that their charges will be paid merely because they were provided to persons who are insured. Indeed, nothing in Plaintiffs' vague allegations "suggests that the parties had the sort of contractual understanding that is the *sine qua non* of a *quantum meruit* cause of action." *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, at *4 (M.D. Fla. Mar. 8, 2004) (concluding that the vague allegation that defendant insurer "authorized" certain treatment are insufficient to state a claim for *quantum meruit*).

### 3. Plaintiffs' Promissory Estoppel Claim Fails As A Matter of Law

In support of their promissory estoppel claim, Plaintiffs allege that they "relied upon United's and Optum's representations that their insureds' health insurance claims were covered and that the Claims had been authorized and/or approved for payment and would be fully paid in the absence of a provider contract between the Laboratories and the Defendants." (Dkt. 26 at ¶ 102.) These vague, conclusory allegations are insufficient to state a claim. Under Florida law, "[e]stoppel is an extraordinary remedy." *Solar Time Ltd. v. XL Specialty Ins. Co.*, 2004 WL 1683149, at *6 (S.D. Fla. June 15, 2004) *aff'd*, 142 F. App'x 430 (11th Cir. 2005). Thus, to state a claim for promissory estoppel a plaintiff must allege "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcing the promise." *Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) *aff'd sub nom. Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174 (11th Cir. 2002). Importantly, "there can be no promissory estoppel unless the terms of the promise are definite in relation to the remedy sought." *Fried v. Stiefel Labs., Inc.*, 2012 WL 4364300, at *10 (S.D. Fla. June 8, 2012) (citing *Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174, 1185 (11th Cir. 2002)).

Importantly, in the context of claims premised on verification of coverage, an insurer's confirmation of coverage is merely a representation that the insured was "covered for the *type* of treatment" proposed by the medical provider. *Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) *aff'd sub nom. Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d 1174 (11th Cir. 2002).

Here, Plaintiffs' allegations are insufficient for at least two reasons. As an initial matter, Plaintiffs provide scant details regarding Defendants' purported confirmation of coverage (*i.e.*, when Plaintiffs supposedly confirmed coverage, whether they confirmed coverage for each patient and each service provided, and, importantly, what the confirmation of coverage entailed). Plaintiffs do not indicate how they obtained any purported verifications. Even under Rule 8's liberal pleading requirements, Plaintiffs' threadbare, conclusory allegations fall woefully short of providing the necessary notice to Defendants of the purported basis of this claim.

Moreover, even assuming that they verified coverage for each of the patients and for each of the services at issue, Plaintiffs' bare-bone allegations indicate that, at most, Defendants

verified that a particular patient's insurance plan provided coverage for a type of treatment (*i.e.*, urinalysis). In contrast, Plaintiffs have not alleged that Defendants guaranteed payment regardless of any plan language or exclusions. For example, Plaintiffs do not allege that Defendants promised to pay for medically unnecessary urinalysis testing or testing that was done by an unlicensed provider. Thus, at most, Defendants would be estopped from denying coverage on the basis that urinalysis was a covered treatment under the insurance plans. But Plaintiffs have not alleged that United has taken the position that urinalysis is not covered. Accordingly, Plaintiffs have failed to allege any breach of Defendants' promise and their allegations fail to state a claim for promissory estoppel.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint.

### CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF filing system.

> s/Shari Gerson
> Shari Gerson, FBN 017035
> Email: shari.gerson@gray-robinson.com
> Daniel Alter, FBN 0033510
> Email: dan.alter@gray-robinson.com
> GRAY ROBINSON, P.A.
> 401 East Las Olas Boulevard, Suite 1000
> Ft. Lauderdale, Florida 33301
> Telephone: (954) 761-811
> Facsimile: (954) 761-8112
> *Attorney for Defendants*